[Cite as *State v. Shaw*, 2013-Ohio-5503.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 11CA3288 |
| vs. | : | |
| WALTER W. SHAW, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT: Stephen K. Sesser, 42 East Fifth Street, Chillicothe, Ohio 45601

COUNSEL FOR APPELLEE: Matthew S. Schmidt, Ross County Prosecuting Attorney, and Richard W. Clagg, Ross County Assistant Prosecuting Attorney, 72 North Paint Street, Chillicothe, Ohio 45601

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-11-13
ABELE, J.

{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. A jury found Walter W. Shaw, defendant below and appellant herein, guilty of passing bad checks in violation of R.C. 2913.11.

{¶ 2} Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT ALLOWED EXHIBIT 'B' (CHECK FROM CHASE BANK) TO BE ADMITTED AS EVIDENCE."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT DENIED
APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO
CRIMINAL RULE 29 AND THE CONVICTION WAS
AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**{¶ 3}** On June 16, 2009, appellant checked into the Chillicothe Comfort Inn for a two night stay. He paid for his room with a $274.80 check drawn on PNC Bank. Five days later, appellant returned to the Comfort Inn and paid for another few nights with a $411.09 check drawn on a JP Morgan Chase account. Apparently, both accounts had been closed several months earlier and neither check was honored.

**{¶ 4}** The Ross County Grand Jury returned an indictment that charged appellant with passing bad checks. Appellant pled not guilty and the matter came on for a jury trial in September 2011. At trial, the Comfort Inn desk clerk, who checked-in appellant on both occasions, identified the appellant and the two checks that she received as payment for the room charges. John Woods, General Manager of the Comfort Inn, also testified that the bank returned those checks with notations that the accounts had been closed.

**{¶ 5}** After hearing the evidence, the jury found appellant guilty. The trial court imposed a twelve month sentence of incarceration with three years of post-release control. This appeal followed.[1]

I

---

[1] Appellant filed his notice of appeal on September 29, 2011, even though the final judgment (the sentencing entry) was filed on October 4, 2011. App.R. 4(C) provides that a notice of appeal filed prematurely, before the final judgment, is treated as having been filed "immediately after" the final judgment.

{¶ 6}    In his first assignment of error, appellant asserts that the trial court erred by admitting into evidence the check drawn on JP Morgan Chase (Exhibit B).   The basis for appellant's argument is that the bank's representative could not authenticate a copy of the check during her testimony.[2]

{¶ 7}    Our analysis begins with the proposition that the decision to admit or to exclude evidence lies in a trial court's sound discretion and will not be reversed absent an abuse of that discretion.   *State v. Tyler*, 196 Ohio App.3d 443, 2011-Ohio- 3937 964 N.E.2d 12, at ¶24 (4th Dist.); *State v. Reno*, 4th Dist. No.   04CA2759, 2005-Ohio-1294, at ¶17.   Generally, an "abuse of discretion" is more than an error of law or judgment; rather, it implies that a court's attitude was unreasonable, arbitrary or unconscionable. *State   v. Herring*, 94 Ohio St.3d 246, 255, 762 N.E.2d 940 (2002); *State   v. Adams*, 60 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).   In reviewing under the abuse of discretion standard, appellate courts must not substitute their judgment for that of the trial court. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

{¶ 8}    Appellant correctly notes that the authentication of a document is a condition precedent to admissibility. Evid.R. 901(A).   That requirement may be satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Id. Therefore, simply because a bank representative could not authenticate the check, we are not

---

[2]   The trial transcript reveals that the trial court instructed the jury "to ignore-forget-the testimony of Brenda DeLong concerning the Chase bank records.     I've held that she was not a proper representative due to her lack of knowledge of those records."

persuaded that the representative's inability is fatal to the prosecution's case.   Indeed, any other evidence that could support a finding that appellant's check is authentic would suffice under the rule.

{¶ 9}   Ashley Ingoldsby, the desk manager who checked appellant into the hotel, identified that particular check as (1) the check that appellant issued to the hotel, and (2) the check that was returned with the notation "account closed."   John Woods, the Comfort Inn manager, although not present when appellant issued the checks, nevertheless identified the copy of the check in question as the check that the bank returned.   We believe that this is sufficient to satisfy the authentication requirement.

{¶ 10}  Even assuming, arguendo, that the trial court erred by admitting the copy of the check into evidence, we believe that such error would have been harmless.   Crim.R. 52(A). The uncontroverted evidence established that appellant paid with checks for his two stays at the Comfort Inn, and those checks, regardless of the particular bank accounts on which they were drawn, were returned to the Comfort Inn unpaid.   Even if the trial court had not admitted Exhibit B into evidence, the testimony from Ingoldsby and Woods regarding the returned checks is sufficient to prove the elements of the R.C. 2913.11 offenses.

i.   Accordingly, we hereby overrule appellant's first assignment of error.

## II

{¶ 11}  In his second assignment of error, appellant asserts that (1) the trial court erred by not granting his Crim.R. 29(A) motion for acquittal, and (2) his conviction is against the manifest weight of the evidence.   These are, actually, two separate and distinct arguments that should

have been advanced in two separate assignments of error.[3]   However, we do not find merit in either.

{¶ 12}  When reviewing a trial court's denial of a Crim.R. 29(A) motion, an appellate court must construe the evidence in a light most favorable to the State and determine if reasonable minds could reach different conclusions concerning whether the evidence proved every element of the crime beyond a reasonable doubt. *State v. Evans*, 63 Ohio St.3d 231, 248, 586 N.E.2d 1042 (1992); *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 at the syllabus (1978).   An appellate court must not reverse a trial court's Crim. R. 29(A) ruling unless reasonable minds could only reach the conclusion that the evidence failed to prove all the elements of the crime beyond a reasonable doubt. See *State v. Winston*, 4th Dist. No. 96CA2419, 1997 WL 802808 (Dec. 17, 1997).

{¶ 13}  R.C. 2913.11(B) provides that no "person, with purpose to defraud, shall issue or transfer or cause to be issued or transferred a check or other negotiable instrument, knowing that it will be dishonored . . ."   In the case sub judice, the uncontroverted testimony established that appellant presented the Comfort Inn two checks for payment.   Both checks were returned, however, with notations that the accounts had been closed.   This evidence is sufficient for the jury to infer that appellant intended to defraud the Comfort Inn and that he knew the checks would be dishonored.

---

[3]  Appellant's brief does not actually argue the first part of his assignment of error (i.e., that the trial court erred in overruling his Crim.R. 29(A) motion).    We would be within our authority to disregard the contention under App.R. 12(A)(2), but in the interests of justice we will consider it.

{¶ 14} As to the second check (drawn on JP Morgan Chase), appellant relies on the fact that the trial court excluded from evidence the bank representative's testimony and, he argues, no evidence shows that appellant knew that the check would be dishonored. We believe that this argument might have carried more weight if this check was the first check given in payment. However, appellant issued this check for his second stay on June 22, 2009, after his first stay on June 15, 2009, and that check was drawn on PNC Bank. That particular check was also returned because the account had been closed. Evidence concerning other bad checks may be relevant to show a defendant's intent and lack of mistake. See, generally, *State v. Smith*, Stark App No. 2002CA306, 2003-Ohio-2033. We believe that a reasonable jury could infer that, if appellant had passed a bad check on a closed account during his first visit, he very well might do so again a second time.

{¶ 15} As to appellant's second contention that his conviction is against the manifest of the evidence, we find this argument unpersuasive. A reviewing court will not reverse a conviction on grounds that it is against manifest weight of evidence unless it is obvious that the jury lost its way and created such a manifest miscarriage of justice that reversal and a new trial are required. *State v. Earle*, 120 Ohio App.3d 457, 473, 698 N.E.2d 440 (11th Dist. 1997); *State v. Garrow*, 103 Ohio App.3d 368, 370-371, 659 N.E.2d 814 (4th Dist. 1995). We are not persuaded that this occurred here.

{¶ 16} In the case sub judice, both Ashley Ingoldsby and John Woods testified. Ingoldsby identified appellant as the person who issued the bad checks. Both Ingoldsby and Woods testified that the banks returned those checks because the accounts had been closed. Although the trial court excluded testimony of one bank representative, it is obvious that these

accounts had been closed by the time appellant passed the checks to pay for his Comfort Inn stay.

  Also, no question exists that the Comfort Inn did not receive payment for appellant's two stays.

Consequently, we find no manifest miscarriage of justice in the case sub judice and we hereby

overrule appellant's second assignment of error.

{¶ 17}  Having reviewed all errors that appellant assigned and argued, we hereby affirm

the trial court's judgment.

                                                        JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## <u>NOTICE TO COUNSEL</u>

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.